UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHNATHAN GRANT,

                   Plaintiff,

     - against -

THE CITY OF NEW YORK, JAMES MALAVE.
"JOHN DOE" #1 and "JOHN DOE" #2, All in
Their Individual Capacities and in Their Official
Capacities,

                   Defendants
------------------------------------------------------------x

16CV229

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

      Plaintiff, by his attorneys, Michelstein & Associates, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

      1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Johnathan Grant by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth and Fourteenth Amendments, and by the laws and the Constitution of the State of New York.

      2. On November 1, 2014, at a store located at 953 Southern Boulevard, Bronx, New York, defendant James Malave and two other New York City police officers arrested plaintiff Johnathan Grant on false criminal charges based on an incident which allegedly occurred 10 days before, after viewing a video of the alleged thief which depicted an individual taller and heavier than the plaintiff, failed to preserve the evidence of the plaintiff's innocence, handcuffed the plaintiff and subjected him to a pat-down search, transported the plaintiff to the 41st Precinct, where the plaintiff was imprisoned, and subsequently had the plaintiff transported to Bronx Central Booking, where he

continued to be imprisoned. On November 1, 2014, defendant James Malave instituted a criminal proceeding against the plaintiff in the Criminal Court of the City of New York, County of Bronx, accusing the plaintiff of the crimes of Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree. On June 22, 2015, the charges against the plaintiff were dismissed.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant James Malave can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Johnathan Grant is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant James Malave is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant James Malave was acting within the scope of his employment by defendant The City of New York.

11. Defendants "John Doe" #1 and "John Doe" #2 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

12. At all times relevant herein, defendant "John Doe" #1 and "John Doe" #2 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

13. On August 22, 2015, plaintiff Johnathan Grant served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

14. Plaintiff Johnathan Grant's motion to extend his time to file a Notice of Claim was granted by an order of New York Supreme Court Justice Mitchell J. Danziger dated October 8, 2015, which deemed the plaintiff's Notice of Claim to have been timely served *nunc pro tunc*.

15. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this complaint as though the same were set forth fully herein.

17. On November 1, 2014, plaintiff Johnathan Grant was present in a store located at 953 Southern Boulevard, Bronx, New York.

18. While plaintiff Johnathan Grant was present in the above described store, an employee of the store accused the plaintiff of having committed a theft in the store on October 22, 2014.

19. Defendants James Malave, "John Doe" #1 and "John Doe" #2 appeared at the store.

20. The employee of the store thereupon exhibited to defendants James Malave, "John Doe" #1 and "John Doe" #2 a video recording depicting the individual claimed to be the thief.

21. The individual depicted in the video recording was substantially taller and heavier than plaintiff Johnathan Grant.

22. Plaintiff Johnathan Grant was not the individual depicted in the video recording.

23. Plaintiff Johnathan Grant informed defendants James Malave, "John Doe" #1 and "John Doe" #2 that on the date and time of the alleged theft, he had been at work at premises in New Rochelle, New York, which fact could be confirmed by a supervisor.

24. Despite the clear physical differences between the individual depicted in the video of the thief and plaintiff Johnathan Grant and information provided to them about an alibi, defendants James Malave, "John Doe" #1 and "John Doe" #2 arrested plaintiff Johnathan Grant on false criminal charges of Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree.

25. Defendants James Malave, "John Doe" #1 and "John Doe" #2 did not have a warrant

or other legal process authorizing the arrest of plaintiff Johnathan Grant.

26. One of the individual defendants handcuffed plaintiff Johnathan Grant.

27. One of the individual defendants conducted a pat-down search of the plaintiff.

28. Defendants James Malave, "John Doe' #1 and "John Doe" #2 failed to secure and to preserve the exculpatory video recording which exonerated plaintiff Johnathan Grant.

29. Defendants James Malave, "John Doe" #1 and "John Doe" #2 transported plaintiff Johnathan Grant to the 41st Precinct, where the plaintiff was imprisoned for a period of time.

30. Plaintiff Johnathan Grant was subsequently transported to Bronx Central Booking, where he continued to be imprisoned until his arraignment.

31. On information and belief, on November 1, 2014, defendant James Malave falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Johnathan Grant stole a Jordan Infared 6 shoe from the store located at 953 Southern Boulevard, Bronx, New York ten days prior to his arrest.

32. On information and belief, defendant James Malave failed to inform the Assistant District Attorney that he had viewed a video recording of the thief and that plaintiff Johnathan Grant was not the person depicted in the video.

33. On November 1, 2014, defendant James Malave instituted a criminal proceeding against plaintiff Johnathan Grant in the Criminal Court of the City of New York, County of Bronx, accusing plaintiff Johnathan Grant of the crimes of Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree.

34. On November 2. 2014, plaintiff Johnathan Grant was arraigned before a judge of the Criminal Court of the City of New York, County of Bronx, and released on his own recognizance.

35. On June 22, 2015, the charges against plaintiff Johnathan Grant were dismissed.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

36. Plaintiff incorporates by reference paragraphs 1 through 35 of this complaint as though the same were set forth fully herein.

37. The seizure, arrest, and imprisonment of plaintiff Johnathan Grant by defendants James Malave, "John Doe" #1 and "John Doe" #2 were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

38. The seizure, arrest, and imprisonment of plaintiff Johnathan Grant were made without probable cause to believe that he had committed a crime or offense.

39. The charges upon which defendants James Malave, "John Doe" #1 and "John Doe" #2 arrested plaintiff Johnathan Grant were false.

40. The charges were made by defendants James Malave, "John Doe" #1 and "John Doe" #2 against plaintiff Johnathan Grant with knowledge that they were false.

41. Defendants "John Doe" #1 and "John Doe" #2 aided and abetted defendant James Malave in the seizure, arrest and imprisonment of plaintiff Johnathan Grant and/or could have intervened to prevent the seizure, arrest and imprisonment.

42. Plaintiff Johnathan Grant was aware of his seizure, arrest and imprisonment by defendants James Malave, "John Doe" #1 and "John Doe" #2.

43. Plaintiff Johnathan Grant did not consent to his seizure, arrest or imprisonment.

44. As a result of the foregoing, plaintiff Johnathan Grant was deprived of his liberty, was imprisoned and was subjected to mental and physical distress, embarrassment and humiliation.

45. The seizure, arrest and imprisonment of plaintiff Johnathan Grant deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the

Fourth and Fourteenth Amendments of the Constitution of the United States.

46. Defendants James Malave, "John Doe" #1 and "John Doe" #2 were acting under color of state law when they seized, arrested and imprisoned plaintiff Johnathan Grant.

47. Defendants James Malave, "John Doe" #1 and "John Doe" #2 deprived plaintiff Johnathan Grant of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Johnathan Grant on false criminal charges.

## COUNT TWO
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

48. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though the same were set forth fully herein.

49. The criminal charges brought by defendant James Malave against plaintiff Johnathan Grant were false.

50. Defendant James Malave instituted the criminal proceeding against plaintiff Johnathan Grant with knowledge that the charges were false.

51. Defendant James Malave instituted the criminal proceeding against plaintiff Johnathan Grant without probable cause to believe that plaintiff Johnathan Grant had committed the crimes charged.

52. Defendant James Malave was acting with malice when he commenced the criminal proceeding against plaintiff Johnathan Grant.

53. The criminal proceeding instituted by defendant James Malave against plaintiff Johnathan Grant was terminated in plaintiff Johnathan Grant's favor.

54. Defendant James Malave was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Johnathan Grant had stolen a Jordan Infared 6 shoe from the store located at 953 Southern Boulevard, Bronx, New York ten days prior to his arrest.

55. Defendant James Malave was acting under color of state law when he withheld from the Assistant District Attorney in the office of the Bronx County District Attorney the existence of evidence exonerating plaintiff Johnathan Grant.

56. Defendant James Malave was acting under color of state law when he commenced a criminal proceeding against plaintiff Johnathan Grant.

57. Defendant James Malave deprived plaintiff Johnathan Grant of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Johnathan Grant on false criminal charges.

## COUNT THREE
### DENIAL OF DUE PROCESS PURSUANT TO 42 U.S.C. §1983

58. Plaintiff incorporates by reference paragraphs 1 through 57 of this Complaint as though the same were set forth fully herein.

59. Defendants James Malave, "John Doe" #1 and "John Doe" #2 failed to secure and to preserve the store surveillance video depicting the thief, which exonerated plaintiff Johnathan Grant.

60. The failure of defendants James Malave, "John Doe" #1 and "John Doe" #2 to secure and to preserve the store surveillance video deprived plaintiff Johnathan Grant of his right to due process of law guaranteed by the Fourteenth Amendment of the Constitution of the United States.

61. Defendants James Malave, "John Doe" #1 and "John Doe" #2 were acting in bad faith when, after observing the exculpatory surveillance video, they failed to secure and to preserve the video recording.

62. Defendants James Malave, "John Doe" #1 and "John Doe" #2 were acting under color of state law when, after viewing the exculpatory surveillance video, they failed to secure and to preserve this exculpatory evidence.

63. Defendant James Malave, "John Doe" #1 and "John Doe" #2 deprived plaintiff Johnathan Grant of his right to due process of law guaranteed by the Fourteenth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by failing to secure and to preserve the exculpatory surveillance video.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

64. Plaintiff incorporates by reference paragraphs 1 through 63 of this Complaint as though the same were set forth fully herein.

65. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

66. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

67. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the

Fourth Amendment of the Constitution of the United States.

68. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

   (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

   (b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

   (c) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

   (d) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

   (e) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

69. The seizure, arrest, imprisonment, and prosecution of plaintiff Johnathan Grant on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

70. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

71. Defendant The City of New York deprived plaintiff Johnathan Grant of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth

Amendment and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests.

72. The aforesaid conduct of defendant The City of New York violated plaintiff Johnathan Grant's rights under 42 U.S.C. §1983 and the Fourth Amendment of the Constitution of the United States.

### COUNT FIVE
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

73. Plaintiff incorporates by reference paragraphs 1 through 72 of this Complaint as though the same were set forth fully herein.

74. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants James Malave, "John Doe" #1 and "John Doe" #2 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

75. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

76. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

77. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Johnathan Grant would be violated.

78. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Johnathan Grant.

79. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

80. Defendant The City of New York deprived plaintiff Johnathan Grant of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SIX
## COMMON LAW BATTERY

81. Plaintiff incorporates by reference paragraphs 1 through 80 of this Complaint as though the same were set forth fully herein.

82. Defendants James Malave, "John Doe" #1, "John Doe" #2 and the City of New York committed a battery on the person of plaintiff Johnathan Grant by handcuffing his wrists.

83. As a result of the foregoing, plaintiff Johnathan Grant was injured.

84. As a result of the foregoing, plaintiff Johnathan Grant experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT SEVEN
## COMMON LAW ASSAULT AND BATTERY

85. Plaintiff incorporates by reference paragraphs 1 through 84 of this Complaint as though the same were set forth fully herein.

86. Defendants James Malave, "John Doe" #1, "John Doe" #2 and The City of New York committed an assault and battery on the person of plaintiff Johnathan Grant by subjecting him to a pat-down search.

87. As a result of the foregoing, plaintiff Johnathan Grant experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT EIGHT
## COMMON LAW FALSE IMPRISONMENT

88. Plaintiff incorporates by reference paragraphs 1 through 87 of this Complaint as though the same were set forth fully herein.

89. Defendants James Malave, "John Doe" #1, "John Doe" #2 and The City of New York falsely imprisoned plaintiff Johnathan Grant by seizing, arresting and imprisoning him on false criminal charges.

90. As a result of the foregoing, plaintiff Johnathan Grant was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT NINE
## COMMON LAW MALICIOUS PROSECUTION

91. Plaintiffs incorporate by reference paragraphs 1 through 90 of this Complaint as though the same were set forth fully herein.

92. Defendants James Malave and The City of New York maliciously prosecuted plaintiff Johnathan Grant on false criminal charges of Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree.

93. As a result of the criminal proceeding instituted by defendants James Malave and The City of New York, plaintiff Johnathan Grant was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Johnathan Grant compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Johnathan Grant punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
January 11, 2016

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
Steven D. Michelstein (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
malaw485@yahoo.com
(212) 588-0880